IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02454-MEH

DOROTHY BARRETT-TAYLOR,

    Plaintiff,

v.

BIRCH CARE COMMUNITY, LLC,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Defendant seeks dismissal of the Plaintiff's employment discrimination claims for Plaintiff's purported failure to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the statutory time period. Plaintiff counters that she, in fact, filed a charge of discrimination within the required 300 days. For the reasons that follow, the Court will deny the Defendant's motion.

## STATEMENT OF FACTS

The following are relevant factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiff in the operative Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

---

[1] For her statement of facts, Plaintiff relies on her written response to Defendant's position statement apparently submitted to the EEOC. Unfortunately, she does not submit a copy of that position statement nor any exhibits to which she refers in the response; thus, her written response assumes facts not presented to the Court and appears vague and difficult to discern at times. Nevertheless, the Court construes Plaintiff's pleading liberally, as it is required

Plaintiff was employed by Defendant commencing March 2017 as an "evening receptionist" and "cafeteria aide," and she suffered "injuries" (described as "pain that radiated from my injured hip down to my leg upon walking, squatting, kneeling, pushing wheelchair patients . . . and pulling heavy-duty steel food carts") at the workplace on August 4, 2017. Defendant learned about Plaintiff's injuries on August 6, 2017; however, from August 6–26, 2017, Defendant refused to report Plaintiff's injuries for workers compensation benefits. Thereafter, Plaintiff was treated by Jordan Mass, PA-C, who imposed a five-pound weight lifting restriction from September 1–24, 2017; on September 25, Mass noted a restriction of zero pounds, but later corrected the notation to five pounds. Nevertheless, Defendant removed Plaintiff's work restrictions.

Meanwhile, on September 8, 2017, Plaintiff's supervisor Julie Trujillo, Defendant's human resources representative, Nicole Kent, and human resources manager, Dina Bower, met with Plaintiff "to discuss her performance." During the meeting, Bower stated, "we need you to work in the cafeteria regularly, so I contacted your doctor, Jim Keller, today about your work restrictions and he removed them. So now you are expected to work in the cafeteria." That same day, Jimmie Keller, PA-C noted in Plaintiff's medical chart that "Dorothy may take meal orders for residents & walk up to an hour total in completing these tasks." When Plaintiff's treating provider, Mass, confronted Keller about this, Keller denied that he "amended the restrictions to require [Plaintiff] to work dining room duties," but Mass noted "[Keller] did amend her restrictions."

Plaintiff presented to Keller (only once) on September 13, 2017, at which time Plaintiff discussed Keller's amendment to her job restrictions. Keller reinstated Plaintiff's weight lifting restrictions and stated, "Seated receptionist duties only. No taking meal orders from or serving

---

to do. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

residents."

On October 4, 2017, fifteen minutes into her shift, Plaintiff was approached at her desk by Kent and Trujillo, who "verbally reprimanded [her] . . . in an unprofessional and irate tone" because she was not working in the cafeteria. Trujillo pointed toward the cafeteria and shouted, "I am ordering you to work the cafeteria now!" Plaintiff felt she was in a "hostile work environment" and had no "other alternative except to walk off the job." Plaintiff requested that Defendant conduct an investigation of the matter after which, on October 20, 2017, Human Resources Director Susan Coulter informed Plaintiff, "[y]ou were terminated because you could not perform the essential functions of cafeteria duties due to your injuries and for walking off the job."

Two forms created by Defendant reflect that Plaintiff was "terminated"; one reflects termination effective September 1, 2017 for "job abandonment" and one reflects termination effective October 19, 2017. Plaintiff alleges that Defendant has argued she "resigned [her] position" on October 4, 2017.

## LEGAL STANDARDS

### I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the

complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

4

misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## **ANALYSIS**

"Prior to commencing a Title VII or ADA action in federal court in a 'deferral state' like Colorado, a plaintiff first must exhaust administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice." *Castaldo v. Denver Pub. Schs.*, 276 F. App'x 839, 841 (10th Cir. 2008) (citing *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 & n.3 (10th Cir. 2007)). This administrative time limit is akin to a statute of limitations and, therefore, subject to waiver, estoppel, and equitable tolling. *Id.* (citing *Martinez v.*

5

*Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984)).

"Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" for which a charge of discrimination must be filed. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Id.* at 113; *see also Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005) ("Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct.").

"It is [notice or] knowledge of the adverse employment decision itself that triggers the running of the statute of limitations," not notice or knowledge of a discriminatory motivation. *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1187 (10th Cir. 2003) (quoting *Hulsey v. KMart, Inc.*, 43 F.3d 555, 558-59 (10th Cir. 1994)). "In the employment context,

> a claim accrues when the disputed employment practice ... is first announced to the plaintiff. Sometimes, of course, an adverse employment decision isn't announced and the employee doesn't learn of it until much later – and in those circumstances courts revert to asking when the plaintiff did or a reasonable employee would have known of the employer's decision. But in all events, and consistent with the general federal rule, an employee who discovers, or should have discovered, the injury (the adverse employment decision) need not be aware of the unlawful discriminatory intent behind that act for the limitations clock to start ticking.

*Benton v. Town of South Fork & Police Dep't*, 553 F. App'x 772, 781 (10th Cir. 2014) (quoting *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1177 (10th Cir. 2011)).

Here, Plaintiff attached to her Amended Complaint copies of two charges of discrimination she executed: one labeled "EEOC Form 5A" and filed with the EEOC on August 13, 2018, and the

other labeled "EEOC Form 5" and filed on September 7, 2018.² Defendant argues in its motion that the second charge demonstrates Plaintiff's filing was untimely, in that September 7, 2018 is 322 days after the last date of discrimination alleged, October 20, 2017. Plaintiff counters that her first charge demonstrates her filing was timely. In its reply brief, Defendant concedes that the first charge would be timely (298 days after the last alleged date of discrimination), but contends that the charge is insufficient under 29 C.F.R. § 1601.12, which provides:

> (a) Each charge should contain the following:
>
> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
>
> (2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
>
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
>
> (4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
>
> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.
>
> (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical

---

²The Court may consider a document outside the pleadings, even in a Rule 12(b)(6) analysis, if the document is "incorporate[d] by reference" in the complaint, i.e., attached to the complaint. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) and *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).

> defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12. Specifically, Defendant argues that Plaintiff failed to provide the required minimum information, including a correctly named respondent and a statement of facts to support her charge. Defendant also contends that the August 13, 2018 charge "cannot be construed as a request for action," because Plaintiff did not articulate facts supporting the charge and because Defendant never received a copy of the August 13 charge. The Court finds Defendant has not demonstrated that dismissal at this stage is proper.[3]

The purpose of the requirements in 29 C.F.R. § 1601.12 is "to give notice of [an] alleged violation to [the] charged party and to give [the] EEOC an opportunity to conciliate the claim." *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998) (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds by Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003)); *see also Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). The Supreme Court has instructed that "[i]n addition to the information required by the regulations, i.e., an allegation and the name of the charged party, if a filing is to be deemed a **charge**

---

[3]Again, Defendant raises its "insufficient charge" argument for the first time in its reply brief. The *pro se* Plaintiff has not requested leave to file a surreply; nevertheless, "a court may avoid error by either: (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply." *E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007); *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("Having accepted the reply brief, the district court in fact had two permissible courses of action. It could either have permitted a surreply or, in granting summary judgment for the movant, it could have refrained from relying on any new material contained in the reply brief."). Here, the Court finds it need not direct Plaintiff to file a surreply based on its rejection of Defendant's argument as applied to the operative pleading pursuant to Rule 12(b)(6).

it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (emphasis added). With respect to filers proceeding *pro se*, the Court stated: "The system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes. It thus is consistent with the purposes of the Act that a charge can be a form, easy to complete, or an informal document, easy to draft. The agency's proposed test [i.e., the Court's holding] implements these purposes." *Id.* at 403.

In this case, Defendant apparently is correct that Plaintiff inaccurately named it as "Vivage Quality Health" and "Vivage Quality Health Partners" on her charges of discrimination; early in this case, on January 13, 2020, the parties filed a "stipulation to change name of defendant . . . to Birch Care Community, LLC." ECF 17. However, while Defendant asserts that it never received the August 13, 2018 charge, it does not dispute that it received the September 7, 2018 charge, on which Defendant is also incorrectly identified. The Court is not convinced that Plaintiff's inaccuracy on the August 13 charge, taking the allegations as true and under the circumstances presented here, rendered the document insufficient under the regulation.

Further, although Defendant contends that Plaintiff failed to provide a "statement of facts" sufficient to construe the document as a "charge," the August 13 charge reflects Plaintiff's handwritten note, "please review attached." Plaintiff did not include a copy of the attachment in the operative pleading or with her response brief, but there is nothing indicating that the EEOC did not receive such attachment when the charge was filed. In fact, Plaintiff's alleged "response" to Defendant's "five-page Position Statement and attached Exhibit A thru I," taken as true, demonstrates that Defendant was notified (at least, eventually) of Plaintiff's allegations and

9

participated in the EEOC process. Nevertheless, whether the August 13 charge contained "a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices" in the form of Plaintiff's attachment to the charge raises a factual issue not properly resolved under a Rule 12(b)(6) analysis.

Of note, the content of the August 13 charge appears to be handwritten by the Plaintiff; conversely, the September 7 charge is typed and contains an "Agency Charge No." ECF 6 at 9, 10. Although not specified in the Amended Complaint, the August 13 charge may be reasonably construed as the Plaintiff's initial contact with the agency and the September 7 charge may be reasonably construed as prepared by an agency employee, particularly as there is no indication in the Amended Complaint or the documents attached to it that the EEOC rejected Plaintiff's charge(s) as untimely. The Tenth Circuit has confirmed that "[a] defective charge filed during the 300–day period may be amended outside the period to cure technical defects or omissions." *Persick v. Manpower, Inc.*, 85 F. App'x 127, 131 (10th Cir. 2003) (citing 29 C.F.R. § 1601.12(b) and *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 109, 110 n.2 (2002)). "This relation-back principle, however, applies only where the earlier filing actually operates as a charge." *Id.*

Applying *Holowecki*'s definition of a "charge" for purposes of 29 C.F.R. § 1601.12, the Court finds that the August 13 Charge of Discrimination operates "as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *See* 552 U.S. at 402 (in determining whether an EEOC intake questionnaire constituted a "charge," the Court found that "[u]nlike EEOC Form 5, the Intake Questionnaire is not labeled a 'Charge of Discrimination'"). Thus, one of the purposes of § 1601.12 is met by the August 13 charge. Again, however, the Court must conclude that whether the charge contained all information required by the regulation is a factual issue that may not be resolved in a Rule 12(b)(6)

analysis.

## **CONCLUSION**

In sum, the Defendant has not demonstrated pursuant to Fed. R. Civ. P. 12(b)(6) that Plaintiff failed to exhaust her administrative remedies by failing to file a timely and statutorily sufficient charge of discrimination with the EEOC. Accordingly, Defendant's Motion to Dismiss Based on Plaintiff's Failure to State a Claim [filed January 15, 2020; ECF 21] is **denied** as set forth herein.

In light of this order, the temporary stay of discovery imposed on February 11, 2020 is **lifted**. The Court will hold the Fed. R. Civ. P. 16(b) Scheduling Conference on **April 15, 2020** at **11:15 a.m.** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. If this date is not convenient, the parties shall confer and contact my Chambers by email at hegarty_chambers@cod.uscourts.gov to obtain an alternate date. All parties must be copied on the email if they agree to change the conference date; otherwise, any party seeking to change the conference date must file a motion.

It is further ORDERED that counsel for the parties and any unrepresented non-prisoner parties in this case are to hold a meeting and jointly prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f) on or before **March 30, 2020**. All other relevant aspects of this Court's October 21, 2019 order remain in effect.

SO ORDERED.

Dated this the 17th day of March, 2020, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge